## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON, TEXAS

| | | |
|---|---|---|
| **SUSAN C. HEIM** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **HARLOE DISASTERS, LLC d/b/a** | § | |
| **SERVPRO OF OCONEE/SOUTH** | § | |
| **ANDERSON COUNTIES and** | § | |
| **WILSON STORM TEAM, LLC d/b/a** | § | |
| **SERVPRO OF BIRMINGHAM,** | § | |
| | § | |
| *Defendants.* | § | |

### <u>INDEX OF MATTERS FILED</u>

Pursuant to Local Rule 81, Defendant Harloe Disasters, LLC d/b/a Servpro of Oconee/South Anderson Counties attaches to its Notice of Removal this Index of Matters Filed:

| Document Filed | Date Filed |
|---|---|
| Plaintiff's Original Petition | August 27, 2021 |
| Citation and Affidavit of Service for Harloe Disasters, LLC | September 9, 2021 |
| Citation and Affidavit of Service for Wilson Storm Team, LLC | September 9, 2021 |
| Defendant Harloe Disasters, LLC's Original Answer | October 1, 2021 |
| Docket Sheet | |

8/27/2021 9:18 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56715698
By: Courtni Gilbert
Filed: 8/27/2021 9:18 AM

### CAUSE NO. _____

| | | |
|---|---|---|
| SUSAN C. HEIM | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HARLOE DISASTERS, LLC d/b/a | § | |
| SERVPRO OF OCONEE/SOUTH | § | |
| ANDERSON COUNTIES and | § | |
| WILSON STORM TEAM, LLC d/b/a | § | |
| SERVPRO OF BIRMINGHAM | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff, SUSAN C. HEIM, and files Plaintiff's Original Petition and Request for Disclosure complaining of Defendants, HARLOE DISASTERS, LLC d/b/a SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES and WILSON STORM TEAM, LLC d/b/a SERVPRO OF BIRMINGHAM. In support thereof, Plaintiff respectfully shows the following unto the Court.

### I.
### DISCOVERY LEVEL

1.    Discovery will be conducted under Level 2 pursuant to RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### TRCP RULE 47 CLAIM

2.    Plaintiff further alleges that she is seeking monetary relief of over $250,000 but not more than $1,000,000. *See* TEX. R. CIV. P. 47(c)(3).

### III.
### PARTIES

3.    Plaintiff, SUSAN C. HEIM ("Ms. Heim"), is a resident of Harris County, Texas and she is represented by counsel in this lawsuit.

4.    Defendant, HARLOE DISASTERS, LLC d/b/a SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES ("HARLOE DISASTERS"), is a South Carolina limited liability company with a "home office" and/or principal place of business at 204 Playground Road, Walhalla, South Carolina, 29691.

5.    HARLOE DISASTERS regularly conducts business in Texas; however, HARLOE DISASTERS is not registered to conduct business in Texas

6.    HARLOE DISASTERS failed to designate a registered agent for service of process in Texas.

7.    Pursuant to SECTION 17.044(b) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, HARLOE DISASTERS may be served with process via "long-arm service" upon the TEXAS SECRETARY OF STATE, P.O. Box 12079, Austin, Texas 78711-2079, as its agent for service of process because: (1) HARLOE DISASTERS conducts business in Texas; (2) HARLOE DISASTERS does not maintain a regular place of business in Texas; (3) HARLOE DISASTERS failed to designate a registered agent for service of process in Texas; and (4) this lawsuit arises from HARLOE DISASTERS' business in Texas.

8.    Defendant, WILSON STORM TEAM, LLC d/b/a SERVPRO OF BIRMINGHAM ("WILSON STORM TEAM"), is a Louisiana limited liability company with a "home office" and/or principal place of business at 2000 Huntley Parkway, Pelham, Alabama 35124.

9.    WILSON STORM TEAM regularly conducts business in Texas; however, WILSON STORM TEAM is not registered to conduct business in Texas

10.    WILSON STORM TEAM failed to designate a registered agent for service of process in Texas.

11.    Pursuant to SECTION 17.044(b) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, WILSON STORM TEAM may be served with process via "long-arm service" upon the TEXAS SECRETARY OF STATE, P.O. Box 12079, Austin, Texas 78711-2079, as its agent for service

of process because: (1) WILSON STORM TEAM conducts business in Texas; (2) WILSON STORM TEAM does not maintain a regular place of business in Texas; (3) WILSON STORM TEAM failed to designate a registered agent for service of process in Texas; and (4) this lawsuit arises from WILSON STORM TEAM's business in Texas.

## IV.
### JURISDICTION AND VENUE

12. The Court has jurisdiction over the parties to this lawsuit because the parties all conduct business in Texas, and the amount of damages in controversy is within this Court's jurisdictional limits.

13. Venue is proper in Harris County, Texas pursuant to: (1) SECTION 15.011 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because this is an action arising out of a dispute regarding residential construction and real property located in Harris County, Texas; and (2) SECTION 15.002 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.

## V.
### FACTS

### *The Subject Property – 5222 Norborne Lane*

14. Ms. Heim is the owner of a parcel of real property, including all improvement situated thereon, located at 5222 Norborne Lane, Houston, Texas 77069 (the "Subject Property"), which is more particularly described as follows:

> LOT FORTY-THREE (43), IN BLOCK ONE (1), OF WOODS OF WIMBLEDON, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED AT VOLUME 304, PAGE 32, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

*February 17, 2021*

15. On February 17, 2021, Ms. Heim arrived at the Subject Property and discovered that the pipes burst in the ceiling of her home (downstairs study) due to the freezing temperatures while the home was without electricity.

16. Ms. Heim observed water pouring out of the ceiling onto the floor of her home.

17. Every room in the downstairs of Ms. Heim's home was covered in standing water.

18. Based on information and belief, Ms. Heim's friend, Frank Pfleger ("Mr. Pfleger"), turned off the water supply to the house.

19. Ms. Heim immediately contacted the office of her STATE FARM agent, Chris Burns ("Mr. Burns"), by telephone to notify Mr. Burns/STATE FARM of the water damage and file a claim on her homeowner's insurance policy.

20. Ms. Heim spoke to a member of Mr. Burn's office staff who provided a telephone number to Ms. Heim to start the claims process through STATE FARM.

21. On February 17, 2021, after observing the water damage to her home, Ms. Heim contacted a plumber (Patrick Hamilton) and requested that he immediately assist her with the repair of the damaged pipes.

22. Ms. Heim's plumber arrived at the Subject Property that evening (February 17th).

23. Ms. Heim's plumber repaired and insulated the damaged pipes that evening.

24. Not long after Ms. Heim contacted Mr. Burns office, she received a telephone call from Mr. Burns who was checking to see how she was doing.

25. During their conversation, Mr. Burns informed Ms. Heim that he instructed his office personnel to file a claim on her homeowner's insurance policy with STATE FARM.

26.  Mr. Burns also provided telephone numbers for three (3) water-damage remediation companies, SERVPRO INDUSTRIES, LLC ("SERVPRO"), SERVICE MASTER, and PAUL DAVIS REMEDIATION.

27.  Shortly after speaking with Mr. Burns, Ms. Heim contacted all three (3) of the aforementioned water-damage remediation companies and provided her contact information.

28.  The customer service representatives from each of the aforementioned companies indicated that someone would return Ms. Heim's call.

29.  Throughout the day on February 17, 2021, Ms. Heim and her friends and family members (Mr. Pfleger, Jill Pfleger – friends, Sterling Neal – son-in-law, Alex Heim and Preston Heim – sons) worked continuously at the Subject Property to protect furniture from water damage and mitigate the effects of the water-damage to her home.

### *February 18, 2021*

30.  William Harloe ("Mr. Harloe"), the purported owner of HARLOE DISASTERS, contacted Ms. Heim by telephone and informed her that HARLOE DISASTERS' work crew was traveling to Houston and that he could be at the Subject Property to assess the situation on Monday, February 22, 2021.

31.  The SOUTH CAROLINA SECRETARY OF STATE's filing records indicate that HARLOE DISASTERS was legally formed on or about February 11, 2020, which was approximately one (1) year prior earlier.

32.  Although Ms. Heim was unaware that HARLOE DISASTERS was an inexperienced water-damage remediation company, Ms. Heim agreed to meet with Mr. Harloe at the Subject Property on the following Monday.

*February 22, 2021*

33.    On Monday, February 22, 2021, Mr. Harloe arrived at the Subject Property to assess the scope of the water-damage remediation project.

*February 23, 2021 through March 7, 2021*

34.    Beginning on or about Tuesday, February 23, 2021, Mr. Harloe and/or HARLOE DISASTERS (2 persons) worked at the Subject Property to remove water damaged drywall, insulation, flooring, and other compromised materials from the home.

35.    Mr. Harloe/ HARLOE DISASTERS worked on Ms. Heim's home at the Subject Property until Saturday, March 6, 2021, which is when Mr. Harloe initially declared and/or believed that HARLOE DISASTERS' water-damage remediation efforts were complete.

36.    However, on Saturday, March 6, 2021, Mr. Harloe and Ms. Heim were present at the Subject Property for the final walk-through inspection of HARLOE DISASTERS' remediation efforts.

37.    Ms. Heim's friend, Mr. Pfleger, accompanied her during the walk-through inspection.

38.    During the walk-through inspection, Mr. Pfleger, Mr. Harloe, and Ms. Heim were in the Study when Mr. Pfleger noticed that the wet insulation behind the wood paneling on the east wall of the Study had not been removed.

39.    Mr. Pfleger asked Mr. Harloe why the east wall in the Study had not been removed like the other walls.

40.    Mr. Harloe responded that his work crew informed him that the east wall area of the Study was dry.

41.    Mr. Pfleger then felt wet insulation behind the east wall and informed Mr. Harloe.

42.   Wet insulation behind the wall, and other compromised materials, had obviously not been removed during HARLOE DISASTERS' incomplete remediation/mitigation efforts.

43.   Unsurprisingly, HARLOE DISASTERS' internal records (which were not available to Ms. Heim until STATE FARM provided the documentation to Ms. Heim on June 24, 2021) indicate that all of the work as Ms. Heim's home was completed and everything was dried out on March 2, 2021.

44.   Mr. Harloe apologized to Mr. Pfleger and Ms. Heim because HARLOE DISASTERS' work crew informed him that it was dry.

45.   After Mr. Harloe realized that his work crew failed to recognize and remediate an entire section of Ms. Heim's water-damaged home, he instructed two (2) of his workers to continue water-damage mitigation/remediation efforts on the east wall of the Study.

46.   HARLOE DISASTERS' internal paperwork indicated that all of their equipment was removed from Ms. Heim's home by March 2, 2021, which establishes that HARLOE DISASTERS stopped documenting its water-damage mitigation/remediation efforts after it discovered its own mistake.

47.   During the afternoon of March 6, 2021, Mr. Harloe and the two (2) members of his HARLOE DISASTERS' work crew removed the entire section of water-damaged drywall and insulation and set up fans overnight in an attempt to dry out the Study.

48.   On the following morning, Sunday, March 7, 2021, Mr. Harloe returned to the Subject Property and informed Ms. Heim that all of the water-damaged areas of her home were dry and the water-damage remediation/mitigation efforts at the Subject Property were complete.

49.   After reassuring Ms. Heim that her home was completely dry (no less than 24 hours after the wet drywall and insulation was removed), Mr. Harloe removed the fans from Ms. Heim's home and departed from the Subject Property.

50.   Mr. Harloe/HARLOE DISASTERS never returned to the Subject Property after March 7, 2021.

51.   Although Ms. Heim recently became aware that an entity known as the "WILSON STORM TEAM" was directly compensated by STATE FARM for some unknown reason, Ms. Heim does not have any recollection of any person affiliated with WILSON STORM TEAM being present at the Subject Property for any reason.

52.   The LOUISIANA SECRETARY OF STATE's records indicate that WILSON STORM TEAM was legally formed on or about August 27, 2020, which was only six (6) months before the freeze event.

### _March 10, 2021_

53.   On March 10, 2021, Ms. Heim met with a contractor at the Subject Property to assess the scope of the reconstruction project that would be necessary to return Ms. Heim's home to a safe and livable state.

54.   During their meeting at the Subject Property, the contractor informed Ms. Heim that he did not believe the water-damage remediation phase was complete.

55.   Based on her discussion with the contractor, Ms. Heim became concerned that SERVPRO, HARLOE DISASTERS, WILSON STORM TEAM did not properly complete/handle/oversee the water-damage mitigation and/or water-damage remediation phase.

*April 5, 2021*

56.   On April 5, 2021, Ms. Heim contacted Mr. Harloe by telephone and informed Mr. Harloe that HARLOE DISASTERS needed to address its defective/incomplete water-damage remediation/mitigation at the Subject Property.

57.   Mr. Harloe informed Ms. Heim that he would contact his office at HARLOE DISASTERS and an "organizer" would contact Ms. Heim to make arrangements to assess the need for further remediation efforts to be provided by local company.

*April 7, 2021*

58.   On April 7, 2021, Mrs. Harloe contacted Ms. Heim by telephone and informed her that the "storm teams" were moving out of Texas and that she would connect Ms. Heim with a company local to the Houston area.

59.   During their conversation, Mrs. Harloe asked Ms. Heim where the Subject Property in Houston was located so that she could direct her to the appropriate person.

*April 9, 2021*

60.   On April 9, 2021, Ms. Heim contacted Mr. Rice by e-mail and informed him that she spoke to Mr. and Mrs. Harloe/ HARLOE DISASTERS about the need for further water-damage remediation/mitigation.

61.   Ms. Heim also instructed Mr. Rice that she did not receive any further communication from Mr. and Mrs. Harloe/HARLOE DISASTERS after spoke to Mrs. Harloe on April 7, 2021.

62.   Ms. Heim provided Mr. and Mrs. Harloe/ HARLOE DISASTERS' contact information to Mr. Rice so that he could contact them directly.

*April 14 - 16, 2021*

63.    On April 14, 2021, Ms. Heim sent an e-mail to Mr. Rice that requested a status update regarding HARLOE DISASTERS; however, Mr. Rice did not respond to Ms. Heim's e-mail inquiry.

64.    On or about April 16, 2021, Ms. Heim also attempted to contact Mr. Rice by telephone; however, he was unavailable.

65.    Ms. Heim left a voicemail for Mr. Rice that requested a return call to discuss the status of HARLOE DISASTERS' remediation efforts.

*April 20, 2021*

66.    On April 20, 2021, Ms. Heim attempted to contact Mrs. Harloe by telephone; however, she was unavailable.

67.    Ms. Heim left a voicemail for Mrs. Harloe that requested a status update on HARLOE DISASTERS' plan to perform additional water-damage remediation/mitigation at the Subject Property.

68.    Next, Ms. Heim contacted Mr. Rice by telephone to inquire about the status of HARLOE DISASTERS' need to perform additional water-damage remediation/mitigation.

69.    Mr. Rice indicated that he received a communication from the "WILSON STORM TEAM" that indicated the remediation/mitigation was "determined to be complete" and Mr. Rice requested that Ms. Heim provide a reconstruction estimate from her contractor so that STATE FARM could evaluate the claim on his homeowner's insurance policy.

70.    As previously referenced above, Ms. Heim does not have any recollection of speaking to any person affiliated with the "WILSON STORM TEAM" nor does she recall any person from the "WILSON STORM TEAM" ever being present at the Subject Property for any reason.

71.   Ms. Heim discovered that WILSON STORM TEAM may have been involved in the disaster recovery, water-damage remediation, and water-damage mitigation efforts from STATE FARM.

72.   Based on information and belief, STATE FARM directly paid WILSON STORM TEAM for the disaster recovery, water-damage remediation, and water-damage mitigation efforts performed and/or provided at Ms. Heim's home.

### Mold-Infestation Caused by Harloe Disasters/Wilson Storm Team

73.   Ultimately, Ms. Heim hired what she believed was SERVPRO (but was actually HARLOE DISASTERS and/or WILSON STORM TEAM) to perform water damage mitigation services (i.e., remove all water-damaged portions of the home and dry out the home so that the home could be repaired to its pre-freeze condition).

74.   Although HARLOE DISASTERS' and/or WILSON STORM TEAM's internal documentation of the water-damage remediation/mitigation efforts seems to indicate that Ms. Heim's home was "dry" on March 2, 2021, HARLOE DISASTERS and/or WILSON STORM TEAM pronounced to Ms. Heim that her home was "dry" on March 6, 2021.

75.   In late-April of 2021, Ms. Heim contacted A.Q. TESTING SERVICES, LLC to confirm whether the home was, in fact, "dry" and ready for reconstruction efforts to commence.

76.   On May 4, 2021 and May 13, 2021, A.Q. TESTING SERVICES, LLC inspected and tested Ms. Heim's home for mold.

77.   Rather than "dry," as HARLOE DISASTERS and/or WILSON STORM TEAM had represented, Ms. Heim's home had moisture readings throughout her home that were far in excess of acceptable levels.

78. Ms. Heim's home developed extensive mold due to HARLOE DISASTERS' and/or WILSON STORM TEAM's failure to properly remediate/mitigate the water-damaged areas of Ms. Heim's home, including the inexcusable failure to identify areas of her home that were still soaking wet with water from the busted water pipe before declaring the home to be "dry."

79. On May 26, 2021, A.Q. TESTING SERVICES, LLC submitted its mold testing results and remediation protocol to Ms. Heim, which indicated the presence of elevated levels of toxic mold throughout Ms. Heim's home and also provided a comprehensive plan for remediating the toxic mold in compliance with Texas law.

80. The proliferation of mold in Ms. Heim's home resulting from HARLOE DISASTERS' and WILSON STORM TEAM's defective efforts to perform water-damage mitigation/remediation now require the mold infestation to be remediated by a licensed mold remediation company.

81. On June 15, 2021, Ms. Heim sent a demand letter to HARLOE DISASTERS that provided notice and opportunity to cure HARLOE DISASTERS' defective work (and all additional damage caused by the defective work) at the Subject Property, which complied with the requirements of the TEXAS RESIDENTIAL CONSTRUCTION LIABILITY ACT ("RLCA").

82. On June 24, 2021, Ms. Heim sent a demand to WILSON STORM TEAM that provided notice and opportunity to cure WILSON STORM TEAM's defective work (and all additional damage caused by the defective work) at the Subject Property.

83. Neither HARLOE DISASTERS nor WILSON STORM TEAM are licensed to perform mold-remediation services in the State of Texas; therefore, both HARLOE DISASTERS and WILSON STORM TEAM are not legally authorized to remediate the toxic mold at the Subject Property and cure the construction defects.

84.   HARLOE DISASTERS' and/or WILSON STORM TEAM's failure to properly perform the water-damage mitigation, water-damage remediation, and inability to "dry-out" Ms. Heim's home caused extensive mold to proliferate within her home

85.   As expected, both HARLOE DISASTERS and WILSON STORM TEAM ignored Ms. Heim's demand to correct the problems caused by their defective efforts and also ignored her request to pay for a competent contractor to remediate all the damage so that she could finally begin the reconstruction process.

86.   Due to the incomplete water-damage remediation/reconstruction and the existence of toxic mold within her home, Ms. Heim has been unable to live in her home since the freeze that caused the pipes to burst on or about February 17, 2021.

87.   In this lawsuit, Ms. Heim seeks to recover a judgment against HARLOE DISASTERS and WILSON STORM TEAM for the damages that she has already incurred and will continue to incur as a result of their negligent acts and omissions.

### ***Estimate of Damages to Home/Contents***

88.   Ms. Heim has already incurred the following expenses/costs caused by HARLOE DISASTERS' and WILSON STORM TEAM's acts and omissions:

(1)   $595.00 for "Mold Inspection and Testing" paid to A.Q. TESTING SERVICES, LLC;

(2)   $475.00 for "Laboratory Fees" paid to A.Q. TESTING SERVICES, LLC;

(3)   $225.00 for "Service Call Fee" paid to A.Q. TESTING SERVICES, LLC;

(4)   $2,280.00 for "Laboratory Fees" paid to A.Q. TESTING SERVICES, LLC;

(5)   $595.00 for "Mold Protocol Preparation" paid to A.Q. TESTING SERVICES, LLC;

(6)   $225.00 for "Service Call Fee" paid to A.Q. TESTING SERVICES, LLC;

(7)   $950.00 for "Laboratory Fees" paid to A.Q. TESTING SERVICES, LLC;

(8) $500.00 for "Consulting – Repair Estimate" paid to MAGNOLIA TOTAL RESTORATION;

(9) $125.00 paid to MAGNUM ELECTRIC, INC. for electrical work needed because HARLOE DISASTERS and/or WILSON STORM TEAM overloaded the home's electrical system when using fans and dehumidifiers; and

(10) $703.12 paid to AMAZON for dehumidifiers.

89.   Ms. Heim expects to incur the following costs/expenses to remediate the damage caused by HARLOE DISASTERS' and WILSON STORM TEAMS' incompetent/defective performance of the water-damage mitigation and water-damage remediation process:

(1) $32,000.00 to remediate the incomplete water-damage mitigation process;

(2) $56,000.00 to remediate the mold in Ms. Heim's home;

(3) $4,000.00 to remediate the mold in Ms. Heim's heating, ventilation, and air-conditioning system;

(4) $100,000.00 to remediate the mold for the contents of Ms. Heim's home;

(5) $35,000.00 to pack-out and transport the contents of Ms. Heim's home to storage during the remediation and reconstruction process;

(6) $12,000.00 to store the contents of Ms. Heim's home at a rented storage facility during the remediation and reconstruction process;

(7) $400,000.00 to replace/reconstruct the interior of Ms. Heim's home;

(8) $12,000.00 for substitute housing/loss of use of Ms. Heim's home during the remediation and reconstruction process; and

(9) $10,000.00 for the increased payments for electrical and utilities.

### *Personal Property Damage*

90.   During HARLOE DISASTERS' and/or WILSON STORM TEAM's incompetent/defective performance of the water-damage mitigation/remediation process, HARLOE DISASTERS and/or WILSON STORM TEAM's negligence damaged Ms. Heim's personal property.

91.     Ms. Heim seeks to recover damages from HARLOE DISASTERS and/or WILSON STORM
        TEAM as reimbursement of her out-of-pocket expenses that she incurred to repair/replace
        her damaged personal property:

        (1)     $414.34 for the cost to repair/replace the mirror on antique buffet, which includes
                the cost of delivering the repaired/replacement mirror to her home;

        (2)     $75.00 paid to Patrick Hamilton d/b/a REPAIR-TEK for the cost of repairing the
                damaged faucet handle behind her washing machine;

        (3)     $209.14 paid to LIGHTHOUSE SECURITY for the cost of repairing the broken glass
                detector (security system); and

        (4)     $542.85 for the cost to repair and/or replace damaged metal brackets for door blinds
                in the Den.

## VI.
### CAUSES OF ACTION AND REQUESTS FOR RELIEF

### *Breach of Contract*

92.     Ms. Heim incorporates paragraphs fourteen (14) through ninety-one (91) by reference as if
        set forth fully herein.

93.     In addition to and/or in the alternative to any other cause of action, Ms. Heim seeks to
        recover damages from HARLOE DISASTERS and/or WILSON STORM TEAM (collectively,
        referred to for this cause of action as "Defendants") for breach of contract.

94.     Ms. Heim and Defendants had a valid, enforceable contract(s).

95.     Defendants, HARLOE DISASTERS and WILSON STORM TEAM, agreed to provide competent
        and professional disaster recovery services to remediate the water damage to Ms. Heim's
        home in a good and workmanlike manner.

96.     Ms. Heim agreed to compensate the person/entity who agreed to provide reasonably
        prudent disaster recovery, water-damage remediation, and water-damage mitigation
        services.

97.     Ms. Heim performed all of her obligations according to the contract(s).

98.     Defendants accepted Ms. Heim's performance.

99.     Defendants breached the contract(s) by failing to perform their contractual obligations.

100.    Ms. Heim sent demands for payment, including, but not limited, to "Notice and Opportunity to Cure" to each of the Defendants.

101.    The Defendants made no payment or arrangements to pay the outstanding obligations due according to their contract(s) with Ms. Heim.

102.    On Ms. Heim's breach of contract cause(s) of action against Defendants, Ms. Heim seeks to recover:

    (1)     actual damages and/or economic damages, including out-of-pocket damages in an amount less than $750,000.00;

    (2)     reasonable and necessary attorney's fees pursuant to SECTION 38.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE;

    (3)     pre-judgment and post-judgment interest pursuant to SECTIONS 302.002 and 304.003 of the TEXAS FINANCE CODE; and

    (4)     court costs.

### *Negligence, Negligence Per Se, and Gross Negligence*

103.    Ms. Heim incorporates paragraphs fourteen (14) through ninety-one (91) by reference as if set forth fully herein.

104.    In addition to and/or in the alternative to any other cause of action, Ms. Heim seeks to recover damages from HARLOE DISASTERS and WILSON STORM TEAM (collectively, referred to for this cause of action as "Defendants") for negligence, including negligence per se, negligent hiring, negligent training, negligent supervision, negligent undertaking, negligent misrepresentation, and gross negligence.

105.   Each Defendant had a legal duty to act and perform as a reasonably prudent disaster recovery, water-remediation, water-mitigation company/service provider would have acted under the same or similar circumstances as confronted by the Defendants.

106.   Defendants failed to properly remediate and mitigate against water damage and failed to remove moisture from Ms. Heim's home.

107.   Defendants failed to employ established protocols to guard against loss from the water damage to Ms. Heim's home.

108.   Defendants breached the duties they owed to Ms. Heim and their breach(es) were the proximate cause of Ms. Heim's damages.

109.   Defendants owed duties to Ms. Heim.

110.   Defendants breached their duties to Ms. Heim.

111.   Defendants' acts or omissions, when viewed objectively from Defendants' standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the harm to others.

112.   Defendants had actual, subjective awareness of the risk but proceed within conscious indifference to the rights, safety, or welfare of others.

113.   Defendants' breach(es) proximately caused Ms. Heim's injuries.

114.   On Ms. Heim's negligence causes of action against Defendants, Ms. Heim seeks to recover:

(1)   actual damages in an amount less than $750,000.00;

(2)   exemplary damages at the maximum amount allowable under Texas law and in accordance with SECTION 41.003(a)(3) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE;

(3)   pre-judgment and post-judgment interest pursuant to SECTIONS 302.002 and 304.003 of the TEXAS FINANCE CODE; and

(4)   court costs.

### *Breach of Implied Warranty of Good & Workmanlike Services*

115.   Ms. Heim incorporates paragraphs fourteen (14) through ninety-one (91) by reference as if set forth fully herein.

116.   In addition to and/or in the alternative to any other cause of action, Ms. Heim seeks to recover damages from HARLOE DISASTERS and WILSON STORM TEAM (collectively, referred to for this cause of action as "Defendants") for breach of the implied warranty of good and workmanlike performance in the repair and modification of services.

117.   Defendants sold services to Ms. Heim.

118.   The services consisted of the repair or modification of Ms. Heim's existing tangible goods or property.

119.   Defendants did not perform the services in a good and workmanlike manner.

120   Ms. Heim notified Defendants of the breach.

121.   Ms. Heim suffered injury from Defendants' breach of the warranty.

122.   On Ms. Heim's breach of warranty cause of action against the Defendants, Ms. Heim seeks to recover:

(1)   actual damages in an amount less than $750,000.00;

(2)   reasonable and necessary attorney's fees;

(3)   pre-judgment and post-judgment interest pursuant to SECTIONS 302.002 and 304.003 of the TEXAS FINANCE CODE;

(4)   court costs; and

(5)   reasonable and necessary attorney's fees.

### *DTPA Violations*

123.    Ms. Heim incorporates paragraphs fourteen (14) through ninety-one (91) by reference as if set forth fully herein.

124.    In addition to and/or in the alternative to any other cause of action, Ms. Heim asserts a cause of action against HARLOE DISASTERS and WILSON STORM TEAM (collectively, referred to for this cause of action as "Defendants") for violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA").

125.    Ms. Heim is a consumer as defined in SECTION 17.42 of the TEXAS BUSINESS & COMMERCE CODE because Ms. Heim sought and acquired services by purchase and the transaction gives rise to Ms. Heim's claims.

126.    Defendants engaged in false, misleading or deceptive acts or practices in the conduct of their trade or commerce with Ms. Heim, which were the producing cause of Ms. Heim's damages.

127.    More specifically, Defendants' violations are listed as follows:

(1)    passing off goods or services as those of another;[1]

(2)    causing confusion or misunderstanding about the source, sponsorship, approval, or certification of goods or services;[2]

(3)    representing that goods or services have sponsorship, approval, characteristic, ingredients, uses, benefits, or quantities, they do not have;[3]

(4)    representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model if they are not;[4]

---

[1] *See* TEX. BUS. & COM. CODE §17.46(b)(1);
[2] *See* TEX. BUS. & COM. CODE §17.46(b)(2);
[3] *See* TEX. BUS. & COM. CODE §17.46(b)(5);
[4] *See* TEX. BUS. & COM. CODE §17.46(b)(7);

(5)     representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law;[5]

(6)     breach of warranty;[6]

(7)     falsely representing that work or services have been performed on or parts replaced in goods;[7]

(8)     express representation of material facts that cannot be characterized as advice, judgment, or opinion;[8]

(9)     failing to disclose information concerning the goods or services that was known at the time of the transaction, and such failure to disclose was intended to induce Ms. Heim to enter into a transaction that Ms. Heim would not have entered had the information been disclosed;[9]

(10)    taking advantage of a disaster declared by the Governor or President under CHAPTER 418 of the TEXAS GOVERNMENT CODE during a designated disaster period by selling or leasing building materials, construction tools, or another necessity at an exorbitant or excessive price;[10] and/or

(11)    engaging in an unconscionable act and/or course of action that, to the Ms. Heim's detriment, took advantage of Ms. Heim's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.[11]

128.   Ms. Heim seeks to recover the following from Defendants based on their DTPA violations:

(1)     actual damages and/or economic damages, including out-of-pocket damages in an amount less than $750,000.00;

(2)     DTPA treble damages because the acts and/or omissions, which were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching themselves at Ms. Heim's expense;

(3)     pre-judgment and post-judgment interest pursuant to SECTIONS 302.002 and 304.003 of the TEXAS FINANCE CODE; and

---

[5] See TEX. BUS. & COM. CODE §17.46(b)(12);
[6] See TEX. BUS. & COM. CODE §17.50(a)(2);
[7] See TEX. BUS. & COM. CODE §17.46(b)(22);
[8] See TEX. BUS. & COM. CODE §17.46.(b)(7);
[9] See TEX. BUS. & COM. CODE §17.46(b)(24);
[10] See TEX. BUS. & COM. CODE §17.46(b)(27)
[11] See TEX. BUS. & COM. CODE §17.50(a)(3);

(4)     reasonable and necessary attorney's fees and court costs pursuant to SECTION 17.50(d) of the TEXAS BUSINESS AND ORGANIZATIONS CODE.

## VII.
### JOINT LIABILITY, AGENCY, RESPONDEAT SUPERIOR, AND IMPUTED KNOWLEDGE

### *Acts of Agents and Respondeat Superior*

129.   Whenever it is alleged herein that HARLOE DISASTERS did any act or thing, it is meant that either HARLOE DISASTERS performed and/or participated in such act or thing or that HARLOE DISASTERS' officers, agents, or employees, performed and participated in such act or thing on behalf of and under the authority of HARLOE DISASTERS.

130.   Whenever it is alleged herein that WILSON STORM TEAM did any act or thing, it is meant that either WILSON STORM TEAM performed and/or participated in such act or thing or that WILSON STORM TEAM's officers, agents, or employees, performed and participated in such act or thing on behalf of and under the authority of WILSON STORM TEAM.

131.   Each Defendant, HARLOE DISASTERS and WILSON STORM TEAM, had a legal duty to act and perform as a reasonably prudent disaster recovery, water-remediation, water-mitigation company/service provider would have acted under the same or similar circumstances as confronted by the Defendants, HARLOE DISASTERS and WILSON STORM TEAM.

132.   Defendants, HARLOE DISASTERS and WILSON STORM TEAM, failed to properly remediate and mitigate against water damage and remove moisture from Ms. Heim's home.

133.   Defendants, HARLOE DISASTERS and WILSON STORM TEAM, failed to employ established protocols to guard against loss from the water damage to Ms. Heim's home.

134.   Defendants, HARLOE DISASTERS and WILSON STORM TEAM, breached the duties they owed to Ms. Heim and their breach(es) were the proximate cause of Ms. Heim's damages.

### *Assisting or Encouraging*

135. One or more of the Defendants, HARLOE DISASTERS and/or WILSON STORM TEAM, committed a tort against Ms. Heim.

136. Defendants, HARLOE DISASTERS and/or WILSON STORM TEAM, had knowledge that the other person's/entity's conduct constituted a tort.

137. One or more of the Defendants, HARLOE DISASTERS and/or WILSON STORM TEAM, had the intent to assist the other person/entity in committing the tort.

138. One or more of Defendants, HARLOE DISASTERS and/or WILSON STORM TEAM, gave the other person/entity assistance or encouragement.

139. Defendants', HARLOE DISASTERS and/or WILSON STORM TEAM, assistance or encouragement was a substantial factor in causing the tort.

140. Ms. Heim seeks a judgment finding that Defendants, HARLOE DISASTERS and WILSON STORM TEAM, are jointly and severally liable for the damages caused by their tortious acts.

### *Assisting and Participating*

141. HARLOE DISASTERS' and/or WILSON STORM TEAM's actions accomplished a tortious result.

142. HARLOE DISASTERS and/or WILSON STORM TEAM provided substantial assistance to the other in accomplishing the tortious result.

143. HARLOE DISASTERS' and/or WILSON STORM TEAM's own conduct, separate from the other's, was a breach of its duty to Ms. Heim.

144. HARLOE DISASTERS' and/or WILSON STORM TEAM's participation was a substantial factor in causing the tort.

## VIII.
### CONDITIONS PRECEDENT

145.    All conditions precedent have been performed or have occurred as required by RULE 54

of the TEXAS RULES OF CIVIL PROCEDURE.

## IX.
### DESIGNATION OF EXPERTS

146.    Ms. Heim hereby designates the undersigned attorney, James Hamilton Foley, as its expert

to testify as to the reasonable and necessary attorney's fees incurred by Ms. Heim in the

preparation, discovery, and trial of this lawsuit.

## X.
### REQUEST FOR DISCLOSURE

147.    Pursuant to RULE 194.3(a) of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are

requested to disclose within fifty (50) days of the service of this request, the information

or material described in RULE 194.

## XI.
### DEMAND FOR JURY TRIAL

148.    Ms. Heim demands a trial by jury.

## XII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, SUSAN C. HEIM, respectfully

requests that the Court enter a judgment in her favor against Defendants, HARLOE DISASTERS, LLC

d/b/a SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES and WILSON STORM TEAM, LLC d/b/a

SERVPRO OF BIRMINGHAM, awarding all damages requested herein, including pre-judgment and

post-judgment interest on all sums awarded herein at the maximum rate allowable under Texas

law, reasonable and necessary attorney's fees, court costs, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**JAMES HAMILTON FOLEY, PLLC**

  /s/ *James Hamilton Foley*
James Hamilton Foley
Texas Bar No. 24059764
jhf@jhfoleylaw.com
3000 Weslayan Street, Suite 350
Houston, Texas 77027
(713) 256-1986 (Telephone)

**ATTORNEYS FOR PLAINTIFF,
SUSAN C. HEIM**

9/9/2021 5:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57113345
By: SIMONE MILLS
Filed: 9/9/2021 5:57 PM

CAUSE NO. 202154074

COPY OF PLEADING PROVIDED BY PLT

                                                  RECEIPT NO.

898372

                                        TRACKING NO: 73908909
                                                         EML

| Plaintiff: | In The 334thJudicial District |
|---|---|
| HEIM, SUSAN C | Court of Harris County, TX |
| vs. | |
| Defendant: | |
| HARLOE DISASTERS LLC (DBA SERVPRO OF OCONEE/SOUTH ANDERSON | Houston, Texas |
| COUNTIES) | |

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

To:  HARLOE DISASTERS LLC (D/B/A SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES) (SOUTH CAROLINA LIMITED LIABILITY COMPANY) BY SERVING TEXAS SECRETARY OF STATE P O BOX 12079 AUSTIN TEXAS 78711-2079
FORWARD TO:
     204 PLAYGROUND ROAD, WALHALLA SC 29691

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

This instrument was filed on August 27, 2021 in the above cited cause number and court.  The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
   This citation was issued onAugust 31, 2021, under my hand and seal of said court.

Issued at the request of:                        Marilyn Burgess, District Clerk
Foley, James H.                                                Harris County, Texas
3000 WESLAYAN STREET SUITE 350                                 201 Caroline,  Houston TX 77002
HOUSTON, TX  77027                                             (POBox 4651, Houston, TX 77210)
713-256-1986
Bar Number: 24059764

                                                  Generated By: CYNTHIA CLAUSELL

Tracking Number: 73908909
EML

CAUSE NUMBER: 202154074

PLAINTIFF: HEIM, SUSAN C                          In the 334th

     vs.                                       Judicial District Court of

DEFENDANT: HARLOE DISASTERS LLC (DBA SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES)     Harris
County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M. on the _____ day of _____,
20_____.                          Executed                          at
Address)_____ in
_____ County at o'clock ____.M. on the _____ day of
_____, 20_____, by Summoning the
_____ Delivering to
_____in person a corporation By leaving in the
principal office during office hours_____ of the
said_____ a true copy of this notice, together with
accompanying copy of _____To certify which I
affix my hand officially this _____day of _____, 20___.

Fees $_____

_____               By_____
       Affiant                                                Deputy
On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared.  After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___

_____
                  Notary Public

# 334th District Court of HARRIS County, Texas
**201 CAROLINE, 14TH FL HOUSTON TX 77002**

# CASE #: 202154074

**SUSAN C. HEIM**


*Plaintiff*

**vs**

**HARLOE DISASTERS, LLC D/B/A SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES AND WILSON STORM TEAM, LLC D/B/A SERVPRO OF BIRMINGHAM**

*Defendant*

### AFFIDAVIT OF SERVICE

**I, JAMES R HENDERSON, make statement to the fact;**
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit.  That I received the documents stated below on 09/07/21 5:00 pm, instructing for same to be delivered upon HARLOE DISASTERS LLC (D/B/A SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES) (SOUTH CAROLINA LIMITED LIABILITY COMPANY) BY DELIVERING TO, TEXAS SECRETARY OF STATE.

That I delivered to: HARLOE DISASTERS LLC (D/B/A SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES) (SOUTH CAROLINA LIMITED LIABILITY COMPANY) BY DELIVERING TO, TEXAS SECRETARY OF STATE. By Delivering to Michelle Robinson, Authorized To Accept

the following        : CITATION (SECRETARY OF STATE NON-RESIDENT); PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

at this address      : 1019 BRAZOS, SUITE 105
                       Austin, Travis County, TX 78701

Manner of Delivery : By PERSONALLY delivering the document(s) to the person above.

Delivered on         : Wednesday SEP 8, 2021 2:39 pm


My name is JAMES R HENDERSON, my date of birth is OCT 24th, 1980, and my address is Professional Civil Process Of Texas, Inc, 103 Vista View Trail, Spicewood TX 78669, and U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, State of Texas, on the 8th day of September, 2021.

_____
JAMES R HENDERSON              2732   Declarant
TX Certification#: PSC-12091 Exp. 06/30/2023


AX02A21900242                    Service Fee: 130.00  PCP Inv#: A21900242
                                 Witness Fee:    .00
                                 Mileage Fee:    .00  Reference : 202154074
                                 Foley, James Hamilton

**eaffidavits@pcpusa.net**                              **E-FILE RETURN**

9/9/2021 5:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57113335
By: SIMONE MILLS
Filed: 9/9/2021 5:56 PM

CAUSE NO. 202154074

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO.

898372

TRACKING NO: 73908911
EML

| Plaintiff: | In The 334thJudicial District |
|---|---|
| HEIM, SUSAN C | Court of Harris County, TX |
| vs. | |
| Defendant: | |
| HARLOE DISASTERS LLC (DBA SERVPRO OF OCONEE/SOUTH ANDERSON | Houston, Texas |
| COUNTIES) | |

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

To:  WILSON STORM TEAM LLC (D/B/A SERVPRO OF BIRMINGHAM) (LOUISIANA LIMITED LIABILITY
COMPANY) BY SERVING TEXAS SECRETARY OF STATE P O BOX 127079 AUSTIN TX 78711-279 FORWARD TO:
     2000 HUNTLEY PARKWAY, PELHAM AL 35124

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

This instrument was filed on August 27, 2021 in the above cited cause number and court.  The
instrument attached describes the claim against you.

     YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
   This citation was issued onAugust 31, 2021, under my hand and seal of said court.



Issued at the request of:
Foley, James H.
3000 WESLAYAN STREET SUITE 350
HOUSTON, TX  77027
713-256-1986
Bar Number: 24059764

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline,  Houston TX 77002
(POBox 4651, Houston, TX 77210)

Generated By: CYNTHIA CLAUSELL

Tracking Number: 73908911
EML

CAUSE NUMBER: 202154074

PLAINTIFF: HEIM, SUSAN C                                    In the 334th
     vs.                                                Judicial District Court of
DEFENDANT: HARLOE DISASTERS LLC (DBA SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES)     Harris
County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M. on the _____ day of _____,
20_____.                        Executed                                        at
Address)_____ in
_____ County at o'clock ____.M. on the _____ day of
_____, 20_____, by Summoning the
_____ Delivering to
_____in person a corporation By leaving in the
principal office during office hours_____ of the
said_____ a true copy of this notice, together with
accompanying copy of _____To certify which I
affix my hand officially this _____day of _____, 20____.

Fees $_____

_____                    By_____
      Affiant                                                Deputy
On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared.  After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___

_____
                       Notary Public

# 334th District Court of HARRIS County, Texas
**201 CAROLINE, 14TH FL HOUSTON TX 77002**

## CASE #: 202154074

SUSAN C. HEIM

*Plaintiff*

**vs**

HARLOE DISASTERS, LLC D/B/A SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES AND WILSON STORM TEAM, LLC D/B/A SERVPRO OF BIRMINGHAM

*Defendant*

### AFFIDAVIT OF SERVICE

**I, JAMES R HENDERSON, make statement to the fact;**
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit.  That I received the documents stated below on 09/08/21 9:11 am, instructing for same to be delivered upon WILSON STORM TEAM LLC (D/B/A SERVPRO OF BIRMINGHAM) (LOUISIANA LIMITED LIABILITY COMPANY) BY DELIVERING TO, TEXAS SECRETARY OF STATE.

That I delivered to: WILSON STORM TEAM LLC (D/B/A SERVPRO OF BIRMINGHAM) (LOUISIANA LIMITED LIABILITY COMPANY) BY DELIVERING TO, TEXAS SECRETARY OF STATE. By Delivering to Michelle Robinson, Authorized To Accept

the following        : CITATION (SECRETARY OF STATE NON-RESIDENT); PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

at this address      : 1019 BRAZOS, SUITE 105
                       Austin, Travis County, TX 78701

Manner of Delivery : By PERSONALLY delivering the document(s) to the person above.

Delivered on       : Wednesday SEP 8, 2021 2:41 pm

My name is JAMES R HENDERSON, my date of birth is OCT 24th, 1980, and my address is Professional Civil Process Of Texas, Inc, 103 Vista View Trail, Spicewood TX 78669, and U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, State of Texas, on the 8th day of September, 2021.

_____
JAMES R HENDERSON            2732    Declarant
TX Certification#: PSC-12091 Exp. 06/30/2023

AX02A21900241                    Service Fee: 130.00  PCP Inv#: A21900241
                                 Witness Fee:    .00
                                 Mileage Fee:    .00  Reference : 202154074
                                 Foley, James Hamilton

**eaffidavits@pcpusa.net**                                    **E-FILE RETURN**

10/1/2021 2:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57800956
By: Jennifer Ochoa
Filed: 10/1/2021 2:12 PM

## CAUSE NO. 2021-54074

| | | |
|---|---|---|
| SUSAN C. HEIM | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HARLOE DISASTERS, LLC d/b/a | § | |
| SEVPRO OF OCONEE/SOUTH | § | |
| ANDERSON COUNTIES and | § | |
| WILSON STORM TEAM, LLC d/b/a | § | |
| SERVPRO OF BIRMINGHAM | § | |
| | § | |
| *Defendants* | § | 11TH JUDICIAL DISTRICT |

---

## DEFENDANT HARLOE DISASTERS, LLC D/B/A SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES' ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF THIS COURT:

**Harloe Disasters, LLC d/b/a Servpro of Oconee/South Anderson Counties**, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer to Plaintiff's Original Petition, and any amendments or supplements to that pleading, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

1.    As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff Susan C. Heim ("Plaintiff") in her Original Petition and requests that the Court require Plaintiff to

---

prove all of her charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## II.

### AFFIRMATIVE DEFENSES

2.      By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff.

3.      Defendant specifically invokes the doctrine of comparative responsibility pursuant to chapter 33 of the Texas Civil Practice and Remedies Code, as applied by the courts in the State of Texas. Defendant would show that if Plaintiff's damages occurred as alleged, which Defendant denies, then the damages were directly and proximately caused by the acts and/or omissions of entities or individuals, including Plaintiff, and third parties for whom Defendant is not responsible, and such acts were the sole cause, proximate cause, producing cause, and/or new and independent cause of Plaintiff's alleged damages, if any.

4.      Pleading further and in the alternative, Defendant asserts the defenses of waiver and estoppel as provided under applicable law.

5.      Pleading further and in the alternative, Defendant pleads the affirmative defense of accord and satisfaction.

6.      Pleading further and in the alternative, Defendant pleads that Plaintiff's claims are barred and/or limited by the Authorization to Perform Services and Direction of Payment, dated February 22, 2021

7.      Pleading further and in the alternative, Defendant pleads that Plaintiff's claims are barred and/or limited by the limitations of liability set forth in paragraph 4 of the terms and conditions of service in the Authorization to Perform Services and Direction of Payment, dated February 22, 2021.

8.      Pleading further and in the alternative, Defendant pleads that Plaintiff's claims are barred and/or limited by the disclaimers of warranties set forth in paragraph 3 of the terms and conditions of service in the Authorization to Perform Services and Direction of Payment, dated February 22, 2021.

9.      Pleading further and in the alternative, Defendant pleads that Plaintiff's claims are barred and/or limited by the sixty (60) day notice provision set forth in paragraph 7 of the terms and conditions of service in the Authorization to Perform Services and Direction of Payment, dated February 22, 2021.

10.     Pleading further and in the alternative, Defendant pleads that Plaintiff's claims may be barred and/or limited by other agreements/forms signed by Plaintiff, including but not limited to the Customer Information Form- Water Damage, dated February 22, 2021.

11.     Pleading further and in the alternative, Defendant alleges that it is not liable to Plaintiff because it did not breach any legal duties owed to Plaintiff.

12.     Pleading further and in the alternative, Defendant alleges it is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and Defendant or any other defendant, settling person, responsible third party or any

other person or entity not a party to this lawsuit. Defendant therefore asserts the affirmative defenses of offset, credit, and/or payment to the extent applicable.

13.     Pleading further and in the alternative, Defendant alleges that the discovery in this case will show that the damages Plaintiff alleges she sustained in this action, which Defendant denies, were caused, in whole or in part, by Plaintiff's conduct, intentional acts, comparative responsibility or comparative negligence, assumption of risk, and want of care.

14.     Pleading further and in the alternative, Defendant alleges that the discovery in this case will show that the damages Plaintiff alleges she sustained in this action, which Defendant denies, were caused, in whole or in part, by the acts (wrongful or otherwise), negligence, sole fault, misuse, abuse, omission, or fault of one or more persons or entities, including, without limitation, Plaintiff, over whom Defendant exercised no control and for whom Defendant is not legally responsible.

15.     Pleading further and in the alternative, Defendant alleges that the discovery in this case will show that the incident in question was caused by acts or omissions attributable to third-parties over whom Defendant had no control, and for whose conduct Defendant is not responsible at law.

16.     Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate her damages as required by applicable law and Plaintiff's claims and causes of action are therefore barred, in whole or in part.

17.     Pleading further and in the alternative, Defendant alleges it is entitled to all lawful settlements, credits, and offsets, including but not limited to, those set forth in Tex. Civ. Prac. & Rem. Code § 33.012 and § 41.0105. Defendant further alleges it is entitled to contribution from each of the other parties to this lawsuit and/or a credit for any amounts paid by any settling parties pursuant to the provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code. If a tortfeasor has reached a settlement with Plaintiff, then Defendant reserves the right to make a written election of credit for settlement under Tex. Civ. Prac. & Rem. Code § 33.014. Defendant further reserves its right to submit issues to the jury of the alleged negligence of any other defendants and third-party defendants in this case, and/or any settling defendants or designated responsible third parties.

18.     Pleading further and in the alternative, in the unlikely event Defendant is found at fault, Defendant invokes its legal right to contribution in accordance with the provisions of Tex. Civ. Prac. & Rem. Code §§ 32.001, *et seq*. and §§ 33.015-.016.

19.     Pleading further and in the alternative, in the unlikely event Defendant is found at fault, Defendant pleads the applicability of Tex. Fin. Code § 304.003 with regard to the proper statutory computation of post-judgment interest. Pursuant to Tex. Fin. Code § 304.103, the pre-judgment interest rate is the same as the post-judgment interest.  Furthermore, pursuant to Tex. Fin. Code § 304.1045, pre-judgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

20.     Pleading further and in the alternative, Defendant asserts that Plaintiff's pleading seeking punitive damages will not support such an award because Plaintiff has failed to identify the acts or omissions of the Defendant that Plaintiff alleges support an award of punitive damages.

21.     Pleading further and in the alternative, Defendant declares its intent to rely upon all affirmative defenses herein, including but not limited to, those enumerated in Texas Rule of Civil Procedure 94, together with such other statutory or common law affirmative defenses, whether now in existence or to exist, whether recognized by this state or any other state, which might be raised by the facts of this case.

22.     Pleading further and in the alternative, Defendant affirmatively pleads that Plaintiff is not entitled to exemplary and/or punitive damages since recovery of the same against these Defendant would violate its rights under the contracts clause of Article 1 Section 10, United State Constitution, and would violate the due process clause of the Fourteenth Amendment to the United States Constitution, and Article I Section 19 of the Texas Constitution because of the lack of sufficient standards governing such an award.

23.     Pleading further and in the alternative, Defendant affirmatively pleads and invokes the standards of recovery and limitation on the amount of recovery for exemplary and punitive damages set forth in Chapter 14 of the Texas Civil Practice and Remedies Code.

24.     Pleading further and in the alternative, Defendant denies that its actions constitute malice or gross neglect and thus Defendant cannot be held liable for exemplary and/or punitive damages.

25.     Pleading further and in the alternative, Defendant affirmatively pleads that because of the lack of clear standards, the imposition of exemplary damages and/or punitive damages against Defendant is unconstitutionally vague and overly broad.

26.     Pleading further and in the alternative, with respect to Plaintiffs claims for punitive damages and/or exemplary damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damages awards which arose in the decision of *BMW of North America v. Gore*, 116 S.Ct. 1589 (1996).

## III.

27.     Defendant hereby gives notice of its intent to use documents and other tangible things produced in discovery against the party or parties producing the same. The authenticity of such items is self-authenticating pursuant to Texas Rule of Civil Procedure 193.7.

### PRAYER

Defendant, Harloe Disasters, LLC d/b/a Servpro of Oconee/South Anderson Counties, having fully answered, prays that it be dismissed with prejudice from this cause, that it receives judgment for its costs of suit and attorneys' fees incurred in this action, that Plaintiff Susan C. Heim takes nothing by way of this action, and

that the Court grant such other and further relief to which such Defendant may be justly entitled.

Respectfully submitted,

SERPE JONES ANDREWS
CALLENDER & BELL, PLLC


By:   /s/ Chris M. Knudsen
John S. Serpe
Texas Bar No. 18037400
jserpe@serpejones.com
Chris M. Knudsen
Texas Bar No. 24041268
cknudsen@serpejones.com
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499

**ATTORNEYS FOR DEFENDANT,
HARLOE DISASTERS, LLC D/B/A SERVPRO
OF OCONEE/SOUTH ANDERSON COUNTIES**


## CERTIFICATE OF SERVICE

I certify that on October 1, 2021, a true and correct copy of the foregoing *Original Answer* was served upon to all other counsel of record, including those listed below, by filing this pleading with the electronic service provider for the Harris County District Courts:

James Hamilton Foley
JAMES HAMILTON FOLEY, PLLC
3000 Weslayan Street, Suite 350
Houston, Texas 77027
Attorney for Plaintiff

/s/ Chris M. Knudsen
Chris M. Knudsen

1388334_1

---

**DEFENDANT HARLOE DISASTERS, LLC D/B/A SERVPRO OF OCONEE/SOUTH ANDERSON
COUNTIES' ORIGINAL ANSWER**                                                              **PAGE 8**

**HCDistrictclerk.com**    HEIM, SUSAN C vs. HARLOE DISASTERS LLC (DBA    10/8/2021
SERVPRO OF OCONEE/SOUTH ANDERSON
COUNTIES)
Cause: 202154074          CDI: 7          Court: 334

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 98193890 | Defendant Harloe Disasters, LLC D/B/A Servpro Of Oconee/South Anderson Counties' Original Answer | | 10/01/2021 | 9 |
| 97809686 | Citation(Wilson Storm Team LLC d/b/a Servpro of Birmingham) | | 09/09/2021 | 3 |
| 97810585 | Citation( Harloe Disasters LLC ) | | 09/09/2021 | 3 |
| 97686334 | eIssue: SEC of STATE - NONRES | | 09/02/2021 | 2 |
| 97686394 | eIssue: SEC of STATE - NONRES | | 09/02/2021 | 2 |
| 97583159 | PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE | | 08/27/2021 | 24 |
| 97584879 | Civil Process Request Form | | 08/27/2021 | 2 |