UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN C. HEIM, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-3286 |
| | § | |
| HARLOE DISASTERS, LLC D/B/A SERVPRO | § | |
| OF OCONEE/SOUTH ANDERSON COUNTIES AND | § | |
| WILSON STORM TEAM, LLC, | § | |
|    *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATON

Plaintiff has filed a motion for voluntary dismissal without prejudice of her breach of contract and property damage lawsuit.[1] ECF 16. Plaintiff seeks dismissal in order to file a lawsuit in state court in Harris County, Texas against the current defendants as well as an additional non-diverse defendant. *Id.*

**I.  Analysis**

    **A.  Fraudulent joinder principles do not apply in this situation.**

Defendants oppose Plaintiff's motion to dismiss without prejudice, arguing that Plaintiff is seeking to avoid federal subject matter jurisdiction by fraudulently joining a non-diverse defendant. ECF 17. Defendants' fraudulent joinder argument is misplaced in this context. Fraudulent joinder is a removal doctrine; it does not apply where a Plaintiff seeks to join a non-diverse defendant post-removal. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 ("The fraudulent

---

[1] The District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 18.

joinder doctrine does not apply to joinders that occur *after* an action is removed." (emphasis in original)).[2] Moreover, Plaintiff is not seeking to join a non-diverse defendant in *this* case.

### B. Federal Rule of Civil Procedure 41(a)(2) governs Plaintiff's motion.

Plaintiff's motion for voluntary dismissal is governed by Federal Rule Civil Procedure 41(a)(2),[3] which provides:

> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.[4]

The decision to dismiss an action pursuant to Rule 41(a)(2) rests within the sound discretion of the trial court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). The Fifth Circuit has "explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). A defendant may show prejudice when the voluntary dismissal (1) comes at a late stage of the proceedings; (2) seeks to avoid an imminent adverse ruling; or (3) may deprive the defendant of a limitations defense. *Id.*

---

[2] When a plaintiff seeks to join a non-diverse defendant after removal, the court applies four factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 3d 764, 769 (S.D. Tex. 2016) (applying the *Hensgens* factors: (1) the extent to which the purpose of joinder is to defeat jurisdiction; (2) whether the motion is dilatory; (3) injury to plaintiff absent joinder; (4) any other equitable factors).
[3] Because Defendants have already filed answers (ECF 7, 9), and have not signed a stipulation agreeing to dismissal, the requirements for dismissal absent a court order under Rule 41(a)(1) are not met.
[4] Neither Defendant has asserted a counterclaim.

    **C.    Defendants will not be prejudiced by Plaintiffs' dismissal voluntary dismissal and refiling of her claims in state court.**

As set forth below, Defendants have shown no prejudice that warrants denial of Plaintiffs' motion for voluntary dismissal without prejudice under the standards set forth in *Elbaor*, 279 F.3d at 317.

    **1.    The case is at an early stage.**

This case was filed in October 2021. Defendants filed Answers in November and December 2021. The Court entered a scheduling order on January 26, 2022, setting a discovery deadline more than a year out, May 5, 2023. ECF 14. The Court has held no hearings and made no substantive rulings in this case. This factor weighs heavily in favor or granting Plaintiff's motion. *See Freeny v. Apple Inc.*, Civil Action No. 2:13-cv-00361, 2014 WL 4954541, at * 7 (E.D. Tex. Oct. 1, 2014) (denying dismissal without prejudice where case was pending for a year and half and substantial pretrial proceedings and discovery had taken place, including briefing and hearings on discovery disputes and briefing and preparation for a claim construction hearing).

    **2.    Plaintiff is not facing an imminent adverse ruling.**

As noted above, there are no other pending motions in this case. Defendants have filed Answers and there is no imminent dispositive motion deadline, much less imminent adverse ruling. This factor weighs in favor of granting Plaintiff's motion.

    **3.    Defendants will not lose a statute of limitations defense.**

Defendant has not raised this element of the analysis as a basis for denying Plaintiff's motion and it does not appear to apply. This factor weighs in favor of granting Plaintiff's motion.

    **4.    Defendants' case citations are inapposite.**

Furthermore, the cases Defendant cites as authority for denying dismissal without prejudice are inapposite. For example, *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1198 (S.D.

Miss. 1989), did not involve a "situation in which the plaintiff has expressed a desire to name an additional defendant whose joinder would destroy diversity but rather a case in which [plaintiff] ha[d] already attempted to state a claim against the resident defendant but ha[d] failed to do so." In *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975), the Fifth Circuit addressed one district court's order enjoining the plaintiff from prosecuting her claims in any other court after a second district court had already made a finding of no fraudulent joinder. The Fifth Circuit dissolved the first court's injunction pursuant to authority provided by 28 U.S.C. § 1445(e) and allowed Plaintiff to proceed with the state court suit which had been remanded by the second district court. The procedural history of *Frith* simply does not line up with this case and the opinion provides no authority for this Court to deny Plaintiff's motion to dismiss without prejudice in this case.

### D. The potential defeat of removal jurisdiction does not establish clear legal prejudice to Defendant

Contrary to Defendants' arguments, the possibility that a plaintiff may avoid removal in the re-filed state court case by adding a non-diverse defendant does not justify the denial of a voluntary dismissal in the absence of a pre-existing finding that the joinder of the non-diverse defendant is fraudulent. *See Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. at 1197-98 (collecting cases). That a plaintiff might preclude a subsequent removal by joining a resident defendant in a re-filed case does not prejudice a defendant's substantial rights. *Culverhouse v. Biehl & Co.*, 24 F.R.D 198. 199 (S.D. Tex. 1959). Finally, "the 'fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (citation omitted)).

## IV.     Conclusion and Recommendation

In the Fifth Circuit, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  Defendants have identified no prejudice they will suffer other than the prospect of defending the dismissed claims in state court.  *See* ECF17.  Therefore, the Court RECOMMENDS that Plaintiff's Motion for Voluntary Dismissal Without Prejudice (ECF 16) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 23, 2022, at Houston, Texas.

                                            Christina A. Bryan
                                     United States Magistrate Judge